UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | No: 08 CR 487 |
| | ) | |
| v. | ) | The Honorable |
| | ) | Elaine E. Bucklo, |
| **JESUS GONZALEZ,** | ) | Judge Presiding. |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the Defendant, JESUS GONZALEZ, by his undersigned counsel, Stephen E. Eberhardt, and files his sentencing memorandum and recommendations. In support thereof, the Defendant respectfully states the following:

The Probation Officer has calculated the Defendant's "advisory" Guideline range at 108 to 135 months imprisonment based on a total offense level of 31 and a criminal history category of I. (PSR at page 20, para. 103). Based on the Plea Agreement, the parties have agreed that the Defendant will serve a total term of 60 months imprisonment. (PSR at page 5, para. 12).

### I. Appropriate Sentencing Standards

Under the sentencing regime established by the United States Supreme Court

1

in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), district courts must consider the sentencing guidelines as merely one of several factors set forth in 18 U.S.C. § 3553(a) (albeit an entirely advisory one) in sentencing defendants. Sentencing is now governed principally by 18 U.S.C. §3553(a) which is an independent statutory sentencing mandate.

The overriding principle and basic mandate of the statutory provision requires district courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." 18 U.S.C. §3553(a)(2) sets out those purposes as:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the sentence minimally sufficient to satisfy those four purposes, Section 3553(a) directs sentencing courts to consider, in addition to the Guidelines and any policy statements such things as: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (b) to afford

2

adequate deterrence to criminal conduct [.]

Post *Booker* "sentencing judges must be guided by the factors in 18 U.S.C. §3553(a), including the applicable guideline range." *United States v. Castro-Juarez*, 425 F.3d 430, 433 (7ᵗʰ Cir. 2005), *citing Booker.* The sentencing court should calculate the Guideline sentence and then "because *Booker* demoted the guidelines from mandatory to advisory status -- to decide whether the guidelines sentence is the correct sentence to give the particular defendant." *United States v. Dean*, 414 F.3d 725, 727 (7ᵗʰ Cir. 2005).

District court judges have broad discretion to sentence below the advisory guideline range. See *e.g. United States v Wachowiak*, 496 F.3d 744, 751 (7ᵗʰ Cir. 2007)("We will not substitute our judgment for that of the sentencing court...As with other discretionary decisions, the district court is institutionally better situated to make individualized sentencing judgments than an appellate panel."). In fact, the Supreme Court in *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007) emphasized that a district court may sentence below the guideline range if it determines that "the Guidelines sentence should not apply, perhaps because (as the guidelines themselves foresee) the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *Rita*, 127 S.Ct. at 2465 (citations omitted).

## II.  Appropriate Sentence in This Case

Specifically herein, the Defendant agrees that the Probation Officer's calculations of the advisory Guidelines.  But, based on the matters noted by the Probation Officer at page 22, para. 119 of the PSR, and which will be more fully addressed at the sentencing hearing, it is appropriate to sentence the Defendant to the agreed upon period of a total of 60 months in the Bureau of Prisons.

WHEREFORE, the Defendant respectfully seeks an Order of this Court sentencing him to a period of 60 months incarceration in the Bureau of Prisons.

Respectfully submitted,

*Stephen E. Eberhardt*
Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Stephen E. Eberhardt, an Attorney, certify that on January 21, 2014, I served the attached document on the below listed parties pursuant to Fed.R.Crim.P.49, Fed.R.Civ.P 5, L.R. 5.5, and the General Order on Electronic Filing of the United States District Court for the Northern District of Illinois, Eastern Division.

/s/ Stephen E. Eberhardt
STEPHEN E. EBERHARDT
16710 S. Oak Park Avenue
Tinley Park, IL 60477
708-633-9100

Erika Csicsila
Assistant United States Attorney
219 S. Dearborn, 5th Floor
Chicago, IL 60604

5